UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JOHN PHILLIP MITCHELL, | |
| Movant, | |
| v. | Case No. CV405-202 |
| | [CR490-80] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

On October 27, 2005, movant filed with this Court an "Ex Parte Motion under FRCP Rules 60(b)(3) & 12(b)(1) and 7." Doc. 1. As the motion seeks to vacate, set aside, or correct movant's federal sentence, the Court recharacterized the motion as one made pursuant to 28 U.S.C. § 2255 and ordered the government to respond to it as such. Doc. 2. On November 28, 2005, movant filed an "Objection to the Retitling of the Petitioner's Motion," seeking to have his motion classified as made pursuant to Rules 60(b)(3) and 12(b)(1) and (7) of the Federal Rules of Civil Procedure.[1] The

---

[1] The Court assumes movant was referring to the Federal Rules of Civil Procedure when he referenced "FRCP," as Fed. R. *Crim*. P. 60 is not a substantive rule and Fed. R. Crim. Proc. 12(b)(7) is nonexistent.

government has filed a motion to dismiss the instant action on the grounds that the petition, as one made under § 2255, is successive.[2] Doc. 4.

The Court remains satisfied that the instant motion is properly characterized as one made pursuant to § 2255. The Eleventh Circuit has held that motions made pursuant to Fed. R. Civ. Proc. 60(b) cannot be used to circumvent the statutory bar against successive petitions. 28 U.S.C. § 2255 ¶ 8 (cross referencing § 2244's certification requirements); see In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997) (per curiam); Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) (per curiam). Instead, a motion challenging the legality of a federal sentence is properly made under § 2255 and subject to the successive petition rule. Thus, the instant motion is properly characterized as a § 2255 motion.[3]

---

[2]The government, construing movant's request to have his motion considered under "FRCP . . . . 12(b)(1) and (7)" as a motion under Fed. R. Crim. Proc. 12(b)(3), has alternatively moved to dismiss the complaint under Fed. R. Civ. Proc. 60(b)(3) and Fed. R. Crim. Proc. 12(b)(3).

[3]Fed. R. Civ. Proc. 12(b)(1) and (7) most assuredly do not afford movant the relief he seeks. These provisions provide that defenses of lack of subject matter jurisdiction and failure to join a party under Rule 19 may be made by motion of a party. Neither of these motions is applicable in the instant case. Even if the Court construed movant's motion as made pursuant to Fed. R. Crim. Proc. 12(b)(3) as the government has, it would not benefit movant, as the motion is extremely belated. Fed. R. Crim. P. 12(b)(3) pertains to motions to dismiss the indictment as defective and requires that such motions be made before trial. Fed. R. Crim. P. 12(b)(3)(B). The instant case is well beyond that point.

Movant has previously filed a motion under § 2255 which was denied.[4] CV495-242. Following denial, movant filed a Rule 59(e) motion for alteration or amendment of judgment, which was also denied. CV495-242 Docs. 1, 5, 10. The Eleventh Circuit affirmed the denial of both his § 2255 motion and Rule 59(e) motion. Mitchell v. United States, 203 F.3d 840 (11th Cir. 1999) (Table).

According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its

---

[4]In his objection to recharacterization, movant acknowledges that he has already filed a § 2255 motion. Doc. 3.

filing." <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. <u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); <u>In re Medina</u>, 109 F.3d at 1561 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

The Court finds that the instant petition is properly classified as a § 2255 motion. Because movant has already filed under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this Court to consider this motion, this Court is without jurisdiction to consider movant's petition at this time. Accordingly, the Court recommends that the instant motion be construed as a motion made under 28 U.S.C. § 2255 and that it be **DISMISSED** as successive.

   **SO REPORTED AND RECOMMENDED** this 2nd day of February, 2006.

_____<br>
**UNITED STATES MAGISTRATE JUDGE**<br>
**SOUTHERN DISTRICT OF GEORGIA**

4